UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUDOLPH PERRY,<br><br>                    Petitioner,<br><br>         v.<br><br>PIERCE COUNTY SUPERIOR COURT,<br><br>                    Respondent. | Case No.  C05-5301RJB<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrates' Rules MJR 3 and MJR 4.

Petitioner seeks to challenge convictions and a sentence out of the Pierce County Superior Court. (Dkt. # 1). It appears he was sentenced to three years confinement on December 6th, 2002. (Dkt. # 1). He names the state superior court as a respondent and indicates he appealed his conviction to the state court of appeals. He does not show he sought review in the state supreme court and he does not name a proper respondent.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

ORDER
Page - 1

1  Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  No claim in this petition appears to have been
2  presented to the states highest court.  A federal habeas petitioner must provide the state courts with
3  a fair opportunity to correct alleged violations of prisoners' federal rights.  Duncan v. Henry, ---
4  U.S. ---, 115 S.Ct. 887, 888 (1995).  It is not enough that all the facts necessary to support the
5  federal claim were before the state courts or that a somewhat similar state law claim was made.  Id,
6  *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).  Thus,
7  the claims appear unexhausted.

8       2. Petitioner does not name the superintendent of the facility where he is currently housed.
9  Section 2243 indicates that writs are to be directed "to the person having custody of the person
10 detained".  This person typically is the superintendent of the facility in which the petitioner is
11 incarcerated.  Failure to name the petitioner's custodian deprives federal courts of personal
12 jurisdiction.  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

13       3. Accordingly, petitioner shall show cause why this petition should not be dismissed.  A
14 response is due by **June 10th, 2005.**  If petitioner fails to file a response or the response shows the
15 petition cannot go forward the court will enter a report and recommendation that the petition be
16 dismissed.

17       4. The Court Clerk is directed to send a copy of this Order to petitioner.

18       DATED this 11th day of May, 2005.

                                          Karen L. Strombom
                                          United States Magistrate Judge

ORDER
Page - 2