1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUDOLPH PERRY,

          Petitioner,

   v.

PIERCE COUNTY SUPERIOR COURT,

          Respondent.

Case No. C05-5301RJB

REPORT AND
RECOMMENDATION

**NOTED FOR:
JULY 8th, 2005**

INTRODUCTION AND SUMMARY CONCLUSION

     This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  In reviewing the petition prior to service the court noted that petitioner had failed to allege facts showing exhaustion and failed to name a proper respondent.  The court entered an Order to Show Cause. (Dkt. # 5). Petitioner's response to the order shows the issues raised in this petition to be unexhausted. Accordingly the undersigned recommends this petition be **DISMISSED WITHOUT PREJUDICE.**

FACTS

     Petitioner challenges a Pierce County conviction.  He is currently housed at the county jail. In response to an Order to Show Cause he indicates he sought review of the conviction in superior court and that he has filed a personal restraint petition in the Washington State Court of Appeals. (Dkt. # 6).  The response shows no issue raised in this petition has been exhausted.

DISCUSSION

REPORT AND RECOMMENDATION - 1

1       Exhaustion of State Remedies.

2       In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly

3   presented to the state's highest court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

4   Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  No claim in this petition was presented to Washington

5   State's highest court as a violation of a federal Constitutional right.  A federal habeas petitioner must

6   provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal

7   rights.  Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995).  It is not enough that all the facts

8   necessary to support the federal claim were before the state courts or that a somewhat similar state

9   law claim was made.  Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459

10  U.S. 4 (1982).  No claim in this petition was presented to the state supreme court as a federal claim.

11  Thus, the claims in this petition are unexhausted. A federal court faced with an unexhausted petition

12  dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the

13  claims in state court.  Rose v, Lundy, 455 U.S. 509, 522 (1982). Petitioner should be given that

14  opportunity.

                                     CONCLUSION

16      Based on the foregoing discussion, the Court should **DISMISS** the petition **WITHOUT**

17  **PREJUDICE**.  A proposed order accompanies this report and recommendation.

18      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

19  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.

20  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

21  appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

22  72(b), the clerk is directed to set the matter for consideration on **July 8th 2005**, as noted in the

23  caption.

24      DATED this 10th day of June, 2005.

25                                           Karen L. Strombom
                                             United States Magistrate Judge
26

27

28  REPORT AND RECOMMENDATION - 2