1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

8   RUDOLPH PERRY,

9                    Petitioner,                    Case No. C05-5301

10          v.                                       ORDER DENYING CERTIFICATE
                                                     OF APPEALABILITY
11   PIERCE COUNTY SUPERIOR COURT,

12                   Respondent.

13       This matter comes before the court on the petitioner's Notice of Appeal. Dkt. 17. The court

14   must consider whether to grant or deny the petitioner a Certificate of Appealability. *See* 28 U.S.C.

15   2253(c)(3).  The court has reviewed the record herein.

16                      **I. PROCEDURAL HISTORY**

17       On June 10, 2005, U.S. Magistrate Judge Karen L. Strombom issued a Report and

18   Recommendation, concluding that petitioner's habeas claims were unexhausted and that the petition

19   should be dismissed without prejudice. Dkt. 7. On July 25, 2005, the court adopted the Report and

20   Recommendation and dismissed the petition without prejudice. Dkt. 11. Petitioner has now filed a

21   notice of appeal to the U.S. Court of Appeals for the Ninth Circuit. Dkt. 17. This notice of appeal is

22   construed as a petition for a certificate of appealability. Dkt. 19. The response was due on October

23   31, 2005, but none was filed. *See id.*

24   **II. STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY**

25       The district court should grant an application for a Certificate of Appealability only if the

26   petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

Order- 1

1   2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner

2   must show that reasonable jurists could debate whether, or agree that, the petition should have been

3   resolved in a different manner or that the issues presented were adequate to deserve encouragement

4   to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (*quoting Barefoot v. Estelle*, 463

5   U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, the petitioner must

6   show that jurists of reason would find it debatable whether the petition states a valid claim of the

7   denial of a constitutional right and that jurists of reason would find it debatable whether the district

8   court was correct in its procedural ruling. *Id.* at 474.

## III. DISCUSSION

10      This court dismissed the petition as unexhausted. The case was therefore dismissed on

11   procedural grounds. There is nothing in the record that would support a conclusion that jurists of

12   reason would find it debatable whether the petition states a valid claim of the denial of a

13   constitutional right and that jurists of reason would find it debatable whether this court was correct

14   in its procedural ruling. Petitioner's habeas claims were unexhausted in state court. Although

15   petitioner may ultimately be procedurally barred from presenting his claims in state court, this court

16   afforded him the opportunity to attempt to do so by dismissing the habeas petition without prejudice.

17   The Certificate of Appealability should therefore be denied.

18      Accordingly, it is hereby **ORDERED** that petitioner's motion for a Certificate of

19   Appealability (Dkt. 17) is **DENIED**.

20      The Clerk is directed to send uncertified copies of this Order to all counsel of record and to

21   any party appearing *pro se* at said party's last known address.

22      DATED this 3rd day of November, 2005.

Robert J. Bryan
U.S. District Judge